UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID VIDA, K74203, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 16 C 10928 |
| JEFF HUTCHINSON, Warden, Menard Correctional Center, | ) ) Judge Rebecca R. Pallmeyer ) ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Petitioner David Vida is currently serving a 100-year sentence at the Menard Correctional Center for the murder of Scott Harast. Vida filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. His petition concerns a sentence enhancement imposed by the trial court under Illinois law, which he contends is unconstitutionally vague and violates the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent Jeff Hutchinson argues that Petitioner's claim is both procedurally defaulted and without merit. For the reasons explained here, the court dismisses the petition [1, 4] and declines to grant a certificate of appealability.

### BACKGROUND

**I.  Conviction**

The facts of this case are taken from the Illinois Appellate Court's first opinion affirming Petitioner's conviction on direct appeal. *People v. Vida*, 323 Ill. App. 3d 554, 752 N.E.2d 614 (1st Dist. 2001), *appeal denied, judgment vacated*, 202 Ill. 2d 696, 783 N.E.2d 31 (2003). That opinion was later vacated, but not on factual grounds, and Petitioner does not appear to contest the facts surrounding his conviction.

On February 24, 1997, Petitioner and Scott Harast were seen at a Brookfield liquor store by the store's cashier. *Id.* at 557, 559, 752 N.E.2d at 618–19. While they were in the store, the cashier overheard Petitioner call Harast a "faggot" and warn Harast that Petitioner knew people

who could kill him. *Id.* Evidence at trial suggested that Petitioner and Harast both went to a house Petitioner was rehabbing. *See id.* at 558–59, 752 N.E.2d at 618–20. Larry Lindenman, an Illinois State Police investigator, testified that Petitioner confessed to police that he struck Harast with his fists several times, and Harast fell backward and through a hole in the floor. *Id.* at 557, 559, 752 N.E.2d at 618, 620. Days later. Petitioner returned, dismembered Harast's body, and disposed of the body in garbage bags at the DesPlaines Conservation Area in Will County—a bloody ax, tree saw, and sledge hammer, as well as a broken chair, were found at the house. *Id.* at 557–59, 752 N.E.2d at 618–620. A state police forensic scientist testified that Petitioner's DNA was found on the broken chair and other items at the scene.

On May 3, 1999, Petitioner was convicted of first degree murder (Petition for Writ of Habeas Corpus [4] ("Petition") at 1), which carried a prison sentence between 20 and 60 years. *Vida*, 323 Ill. App. 3d at 566, 752 N.E.2d at 625. The sentencing court, finding that the offense was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty," extended his sentence to 100 years pursuant to 730 ILCS 5/5-5-3.2(b)(2). *Id.*

## II. Direct Appeal

On direct appeal, Petitioner raised four claims: (1) his trial counsel was ineffective; (2) the police lacked probable cause to arrest him; (3) the trial court should not have allowed the jury to review his mother's written statement to police during deliberations; and (4) his extended term sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Vida,* 323 Ill. App. 3d at 557, 752 N.E.2d at 618. *Apprendi* held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. The Illinois Appellate Court affirmed both Petitioner's sentence and conviction. *Vida*, 323 Ill. App. 3d at 573, 752 N.E.2d at 630. Specifically, the court concluded that the "exceptionally brutal or heinous behavior" enhancement must be read together with the first degree murder statute. *Id.* at 569–73, 752 N.E.2d at 627–30. The enhancement is "part of an overall statutory sentencing scheme for

murder," the court concluded, *id.* at 570, 752 N.E.2d at 628, so Petitioner's 100-year sentence did not exceed the statutory maximum, and therefore *Apprendi* did not apply.

The Illinois Supreme Court denied Petitioner leave to appeal, but in a supervisory order directed the appellate court to reconsider his sentence in light of the decision in *People v. Swift*, 202 Ill. 2d 378, 781 N.E.2d 292 (2002). *People v. Vida*, 202 Ill. 2d 696, 783 N.E.2d 31 (Ill. 2003). *Swift* held that the statutory maximum sentence for first-degree murder was 60 years, and that a factual finding to support the "brutal or heinous" sentencing enhancement must be found by a jury beyond a reasonable doubt to satisfy *Apprendi*. *Swift*, 202 Ill. 2d at 392, 781 N.E.2d at 300. On March 28, 2003 the appellate court, pursuant to that supervisory order, vacated Petitioner's 100-year sentence and reduced his prison term to 60 years. *People v. Vida*, 339 Ill. App. 3d 115, 116–17, 790 N.E.2d 64, 65–66 (1st Dist. 2003).

A few days later, the Illinois Supreme Court decided *People v. Crespo*, 203 Ill. 2d 335, 788 N.E.2d 1117 (Ill. 2001), *as modified on denial of reh'g* (Mar. 31, 2003). In *Crespo*, the defendant had been convicted of murder, and had his 60-year sentence enhanced to 75 years on the basis of the trial judge's finding that the crime had been committed in a brutal and heinous manner. *Id.* at 346, 788 N.E.2d at 1123. But the Court held that when a defendant fails to object at the time of trial, an *Apprendi* violation is subject to plain-error review. *Id.* at 347–48, 788 N.E.2d at 1124. Under plain-error analysis, the sentence will be upheld unless the error was prejudicial; the defendant in *Crespo* had repeatedly and forcefully stabbed his victim with a kitchen knife, and in the process ripped out a large clump of hair from her scalp. *Id.* at 348–49, 788 N.E.2d at 1124–25. The Court had "no doubt that a jury, presented with these facts, would have found that the crime was committed in a brutal and heinous manner," and concluded that the sentencing court's error was not prejudicial. *Id.* This principle—that plain-error review governs *Apprendi* errors where there has been no timely objection—remains the law in Illinois. *See People v. Triplett*, 2017 IL App (1st) 133175-U ¶ 63, 2017 WL 1238397, at *14 (March 30, 2017).

Promptly after the *Crespo* decision, the State moved for reconsideration of the order vacating Vida's sentencing enhancement. *Vida*, 339 Ill. App. 3d at 117, 790 N.E.2d at 66. The appellate court agreed that Petitioner had not made a timely objection to the sentencing enhancement, and that, under plain-error review, Petitioner's offense was brutal and heinous and no reasonable jury could have concluded otherwise. *Id.* at 118, 790 N.E.2d at 67. The court thus reinstated Petitioner's 100-year sentence. *Id.*

III. **Post-Conviction Review**

On October 24, 2003, Petitioner filed a *pro se* post-conviction petition arguing: (1) his extended term was imposed in violation of *Apprendi*; (2) the trial court failed to properly instruct the jury on a lesser-included offense; (3) the evidence was insufficient to support the verdict; and (4) he was denied the effective assistance of counsel. (Pet. for Post-Conviction Relief, Ex. J to Resp't's Ans. to Pet. [10-10], ¶¶ 2-6.) The trial court summarily dismissed the petition. *People v. Vida*, 2012 IL App (1st) 092323 (unpublished),[1] ¶ 7, 2011 WL 9740855, at *2. The Illinois Appellate Court reversed, finding that Petitioner had set forth the gist of a claim for ineffective assistance of counsel. *Id.* at ¶ 8, 2011 WL 9740855, at *2. On remand, appointed counsel filed a supplemental petition on June 27, 2008. *Id.* at ¶ 9, 2011 WL 9740855, at *2. The trial court dismissed both the *pro se* and supplemental petitions as untimely. *Id.* at ¶ 9–10, 2011 WL 9740855, at *2–3. Again, however, the appellate court reversed and remanded for consideration of Petitioner's claims on their merits. *Id.* at ¶ 32, 2011 WL 9740855, at *8. This time, the trial court reached the merits, concluded that Petitioner failed to make a substantial showing that his constitutional rights were violated, and denied him post-conviction relief. *People v. Vida*, 2015 IL App (1st) 132827-U ¶ 6, *appeal denied*, 60 N.E.3d 881 (Ill. 2016), 2015 WL 6688061, at *1. In his appeal of that order, Petitioner focused solely on his ineffective assistance of counsel claim. *Id.* at ¶ 10, 2015 WL 6688061, at *2. The appellate court affirmed

---

[1] The Illinois Appellate Court website cites this as 2011 IL App (1st) 092323, http://www.illinoiscourts.gov/R23_Orders/AppellateCourt/2011/1stDistrict/September/1092323_R23.pdf.

the trial court's denial of post-conviction relief. *Id.* at ¶ 25, 2015 WL 6688061, at *5.

## IV. This Petition

Petitioner filed this *pro se* petition for a writ of habeas corpus on December 6, 2016. (Petition at 1.) Petitioner claim concerns the sentencing enhancement, which allows for an extended-term sentence upon finding "exceptionally brutal or heinous behavior indicative of wanton cruelty." Petitioner contends that this enhancement is "unconstitutionally vague in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments." (*Id.* at 5.) In a similar vein, he contends the enhancement violates the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.*)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the standards for federal habeas relief from a state court conviction and sentence. *See* 28 U.S.C. § 2254. Respondent raises two defenses to Petitioner's claim of unconstitutional vagueness: (1) because this issue was never raised in a state court, it is procedurally barred, and (2) the claim is without merit.

## I. Petitioner's Claim is Procedurally Barred

Before a federal court may grant habeas relief to a state prisoner, the state courts must be given an opportunity to hear and act upon the petitioner's claims. 28 U.S.C. § 2254(b)(1); *Whatley v. Zatecky*, 833 F.3d 762, 770 (7th Cir. 2016). This requirement is met if the petitioner "fairly present[s]" his claim through a full round of state court review. *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Petitioner did argue to the state courts that his sentence was imposed in violation of *Apprendi*. But at no stage of the state court proceedings did Petitioner present his claim that the statute authorizing his extended-term sentence is unconstitutionally vague. Indeed, he admits in his petition that this issue has "never been presented to any court." (Petition at 6.)

Petitioner did invoke due process in his state appeal, but this is not sufficient to protect

5

him from procedural default. While "a mere variation in legal theory" does not automatically procedurally bar a habeas petition, the substance of the reformulated claims must remain the same. See *Sweeney v. Carter*, 361 F.3d 327, 333 (7th Cir. 2004). Though Petitioner's *Apprendi* claim in the state courts concerned due process, it was a different substantive claim than this one asserting unconstitutional vagueness. Therefore, Petitioner's claim is procedurally barred and his habeas petition is denied.

## II. Petitioner's Claim Also Fails on its Merits

But even without the procedural default, Petitioner's claim also fails on its merits. This challenge to Illinois's extended term statute has been consistently rejected by the Court of Appeals. See *Holman v. Page*, 95 F.3d 481, 486-487 (7th Cir. 1996), *overruled on other grounds by Owens v. United States*, 387 F.3d 607 (7th Cir. 2004); *Barnhill v. Flannigan*, 42 F.3d 1074, 1079 (7th Cir. 1994). Nor does *Johnson* support relief in this case. In *Johnson*, the Supreme Court held that that the residual clause of the Federal Armed Career Criminal Act of 1984 (ACCA) was unconstitutionally vague because it denied defendants fair notice and involved arbitrary judicial enforcement. *Johnson*, 135 S. Ct. at 2557. The residual clause of the ACCA required judges to look at the "ordinary case" of a crime and "judge whether that abstraction presents a serious potential risk of physical injury." *Id.* But the court expressly stated that it did "not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct[.]" *Johnson*, 135 S. Ct. at 2561

The residual clause in *Johnson* is distinguishable from the Illinois extended term statute. Rather than directing the court to consider the "ordinary case," the extended term statute does quite the opposite; it asks factfinders to determine if a defendant's *specific conduct* was "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5-5-3.2(b)(2). Because of this difference, the Illinois statute under which Petitioner was sentenced is not unconstitutionally vague.

### III.    Certificate of Appealability

The court declines to issue a certificate of appealability. A certificate may issue only if the petitioner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). Where, as in this case, the district court denies a petition for habeas relief on procedural grounds, "the petitioner seeking a [certificate] must show both that jurists of reason would find it debatable whether the petitioner states a valid claim for a denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S 134, 141 (internal citation and quotation marks omitted). As petitioner's vagueness claim was not addressed at any level of state court proceedings, the procedural default is not debatable. Therefore, the court denies a certificate of appealability.

### **CONCLUSION**

The court denies Petitioner's habeas petition [1, 4] as procedurally barred and declines to issue a certificate of appealability.

                                    ENTER:

Date:    July 18, 2017                        _____
                                              REBECCA R. PALLMEYER
                                              United States District Judge